UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------------X
BUILDING SERVICE 32BJ HEALTH FUND, BUILDING
SERVICE 32 BJ LEGAL SERVICES FUND and BUILDING
SERVICE 32 BJ SUPPLEMENTAL RETIREMENT &
SAVINGS FUND,

          Plaintiffs,

 -against-                COMPLAINT

ALANTE SECURITY GROUP INC.,

          Defendant.
-----------------------------------------------------------------------X

  Building Service 32BJ Health Fund ("Health Fund"), Building Service 32BJ Legal Services Fund ("Legal Fund") and Building Service 32BJ Supplemental Retirement & Savings Fund ("SRSP Fund"), collectively referred to herein as the "Funds", as and for their Complaint against Alante Security Group Inc ("Alante"), respectfully allege as follows:

## NATURE OF ACTION

1. This is a civil action brought pursuant to Sections 502(a)(3) and 515 of the Employee Retirement Income Security Act, as amended (29 U.S.C. §§ 1132(a)(3), 1145), (hereinafter referred to as "ERISA") and Section 301 of the Labor-Management Relations Act of 1947 (29 U.S.C. § 185) (hereinafter referred to as the "Taft-Hartley Act"), by an employee health fund, legal services fund and supplemental savings fund, for injunctive and other equitable relief under ERISA to secure performance by an employer of specific statutory and contractual obligations to pay and/or submit the required monetary contributions by electronic transfer. This Complaint alleges that by failing, refusing or neglecting to electronically pay and submit the required monetary contributions and/or reports to the Funds when due, Alante violated its collective bargaining agreement, the trust agreements of the

Funds, the rules and regulations of the Fund and ERISA.

## JURISDICTION

2. Jurisdiction of this Court is invoked under the following statutes:

   (a) Section 502(e)(1) and (f) of ERISA (29 U.S.C. § 1132(e)(1) and (f) and 1451;

   (b) Section 301 of the Taft-Hartley Act (29 U.S.C. Section 185);

   (c) 28 U.S.C. Section 1331 (federal question); and

   (d) 28 U.S.C. Section 1337 (civil actions arising under an Act of Congress regulating commerce).

## VENUE

3. Venue properly lies in this district under Section 502(e)(2) of ERISA (29 U.S.C. § 1132 (e)(2)). Service of process may be made on Alante in any other district in which it may be found, pursuant to Section 502(e)(2) of ERISA (29 U.S.C. § 1132(6)(2)).

## PARTIES

4. The Funds are jointly-administered, multi-employer, labor-management trust funds established and maintained pursuant to various collective bargaining agreements in accordance with Section 302(c)(5) of the Taft-Hartley Act (29 U.S.C. § 186(c)(5)). The Funds are employee benefit plans within the meaning of Sections 3(2), 3(3) and 502(d)(1) of ERISA (29 U.S.C. § 1002(2),(3), and 1132(d)(1)), and multi-employer plans within the meaning of Sections 3(37) and 515 of ERISA (29 U.S.C. §§ 1002(37) and 1145). The Funds are authorized to maintain suit as independent legal entities under Section 502(d)(1) of ERISA (29 U.S.C. § 1132(d)(1)). The purposes of the Funds are, inter alia, to receive contributions from employers who are parties to collective bargaining agreements with

Service Employees International Union, Local 32BJ ("Union"), to invest and maintain those monies, and to distribute health benefits, legal services benefits and supplemental retirement benefits to those employees eligible to receive them. The Funds maintain their offices and are administered at administered at 25 West 18th Street, New York, New York 10010, in the City, County, and State of New York.

5. The Union is a labor organization within the meaning of Section 301 of the Taft-Hartley Act (29 U.S.C. § 185) which represents employees in an industry affecting commerce as defined in Section 501 of the Taft-Hartley Act (29 U.S.C. § 142) and Section 3(4) of ERISA (29 U.S.C. § 1002(4)). The Union maintains its offices and is administered at 25 West 18th Street, New York, New York 10010, in the City, County, and State of New York.

6. Upon information and belief, at all times material, Alante was, and continues to be, a New York domestic for profit corporation, having a principal place of business at 522 Grand Boulevard, Westbury, County of Nassau, State of New York 11590, and doing business as an employer within the meaning of Sections 3(5) and 515 of ERISA (29 U.S.C. §§ 1002(5) and 1145), and was and is an employer in an industry affecting commerce within the meaning of Section 301 of the Taft-Hartley Act (29 U.S.C. § 185). Further, upon information and belief, Alante is party to a collective bargaining agreement (hereinafter the "Agreement") with the Union wherein, *inter alia*, Alante became obligated to pay and/or submit the required monetary contributions and/or reports to the Funds, for Alante's employees within the unit set forth in the Agreement with Union.

7. The Agreement between the Union and Alante, requires, inter alia, that Alante contribute monthly payments to the Funds so that the Funds, in turn, can provide medical and health benefits, legal services benefits and supplemental retirement benefits to the bargaining unit

members who qualify for such benefits. The Agreement provides, in relevant part:

> The Employer agrees to make payments into a health, legal and SRSF funds to cover eligible employees covered by this Agreement with such benefits under such provisions, rules and regulations as may be determined by the Trustees of the fund, as provided in the Agreement and Declaration of Trust.

8. The Agreement and Declaration of Trust of the Health Fund ("Trust Agreement") provides, in pertinent part:

   A) ARTICLE III:
      CONTRIBUTING EMPLOYERS
      Industry Employers.
      A) Any employer who as of the date of this Agreement is obligated by a Collective Bargaining Agreement to make contributions to the Health Fund, or to a predecessor trust fund that has been merged into it, shall become a contributing Employer to the Trust Fund on the date of this Agreement and shall be bound by the terms of this Trust Agreement.
      (b) Any other employer who subsequently becomes a party to a Collective Bargaining Agreement which obligates that employer to contribute to the Trust Fund shall also become a contributing Employer and shall be bound by the terms of this Trust Agreement.

   B) ARTICLE V
      POWERS OF THE TRUSTEES
      Administrative Powers. The Trustees shall have all the general and incidental powers necessary or appropriate to the proper administration of the Plan and the Trust Fund, provided that the Trustees shall have no authority to change the rate of Employer Contributions prescribed in any Collective Bargaining Agreement or Participation Agreement, except as Article V, Section 10 provides. Included within such Trustee powers but not by way of limitation, shall be the power: ...

      (g) To make, amend, modify or repeal rules and regulations which the Trustees, in their sole discretion, deem necessary or proper for administering the Plan or carrying out the provisions of this Trust Agreement; ....

   C) ARTICLE V
      POWERS OF THE TRUSTEES

>   Section 3.
>   General Powers. The Trustees shall also have the power to do all acts, whether or not expressly authorized herein, which they deem necessary or proper for the protection of the Trust Fund or for carrying out the purposes of this Agreement or for accomplishing the general objectives of the Plan....
>
>   (g) To make, amend, modify or repeal rules and regulations which the Trustees, in their sole discretion, deem necessary or proper for administering the Plan or carrying out the provisions of this Trust Agreement;

> D)   ARTICLE VIII
>   OBLIGATIONS OF EMPLOYERS
>   Section 1. Acceptance of Trust Agreement. Each Employer, upon the signing of a Collective Bargaining Agreement or Participation Agreement, or upon remitting contributions to the Trust Fund, shall be deemed thereby to have agreed to all provisions of this Trust Agreement, to such amendments thereto as the Trustees may adopt pursuant to Article IX, and to all rules and regulations established by the Trustees...
>
>   Section 4. Reports to Trustees. Each Employer shall make such reports to the Fund as maybe required by the Trustees for the proper administration of the Plan and Trust Fund....

9. The Legal Fund and the SRSP Fund have similar language in their respective Trust Agreements. Pursuant to the authority vested in them under the Trust Agreements, the Trustees of the Funds promulgated a rule and regulation that effective January 1, 2015, all contributing employers, including Alante, would be required to register with the Funds' electronic reporting and remittance system ("ESS"), and henceforth provide the Funds with the required employee update information and payment through ESS.

10. Prior to January 1, 2015 participation in ESS was voluntary, with employers having the option to participate or to continue remitting reports and payment by paper transaction (to wit, payment by check).

11. Since January 1, 2015 payment and participation in ESS became mandatory.

12. As of January 1, 2015 the Funds have closed down their department responsible for paper transactions and no longer process payments through a paper system.

13. At various times prior to January 1, 2015, Alante had been contacted by the Funds to register with and participate in ESS.

14. To date Alante has failed and refused to register with and participate in ESS and Alante continues to fail and refuse to register with and participate in ESS.

15. Since January 1, 2015, in the ordinary course of its business, the Funds have been unable to process paper transactions and Alante's continuing use of paper transactions is causing, and will continue to cause, the Funds undue harm and hardship.

16. Alante's continued refusal to comply with the Funds' rules and regulation can result in the employees being denied fringe benefits and medical insurance as a consequence of the non-payments.

17. Accordingly, Alante is liable to the Funds for the electronic payment and/or submission of the required monetary contributions and/or reports to the Funds as aforesaid, and is liable for the additional amount of statutory damages, together with reasonable attorneys' fees, interest on the unpaid principal, liquidated damages, costs and disbursements incurred in this action, pursuant to Section 502 of ERISA (29 U.S.C. § 1132).

18. The Funds seek an order of the Court directing Alante to comply with its Agreement with the Union and to immediately comply the Funds' ESS rules and regulation requiring Alante to remit the employee status information and payment electronically.

WHEREFORE, the Funds respectfully pray that judgment be entered in favor of the Funds and against Alante directing Alante to comply with the Funds' rules and regulations by registering with ESS and henceforth providing employee status information and contributions to the Funds

through ESS for as long as Alante is obligated to contribute to the Funds, and that the Funds be granted such other and further relief as the Court deems just and proper, including relief under ERISA of attorney's fees, costs and disbursements.

Dated: New York, New York
       January 20, 2016

RAAB, STURM & GANCHROW, LLP

By: _____
Ira A. Sturm (IS-2042)
*Attorneys for Plaintiff Funds*
1250 Madison Avenue, 36th Floor
New York, New York 10001
(Tel.) 212-683-6699
(Fax) 212-779-8596
Email: isturm@rsgllp.com